*NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DARRYL CLARK

    Plaintiff,

v.

DARDEN RESTAURANTS, INC., t/a
RED LOBSTER, RED LOBSTER INC.,
a subsidiary of DARDEN
RESTAURANTS, INC., GMRI, INC.,
JOHN DOES, INC., 1-5, &
JANE/JOE DOES 1-5

    Defendants.

Case No. 11-cv-1056 (FLW)

**OPINION**

**WOLFSON, United States District Judge:**

In this case, Plaintiff Darryl Clark ("Plaintiff" or "Clark") has sued Darden Restaurants, Inc., Red Lobster, Inc., and GMRI, Inc., (collectively "Defendants" or "GMRI") for injuries arising from Defendants' alleged negligence. Plaintiff's Amended Complaint asserts that Plaintiff sustained injuries to his eyes from a broken plate as the result of Defendants' negligence in serving Plaintiff food at one of Defendants' restaurants. In the instant motion, Plaintiff has moved for summary judgment on the issue of liability only. For the reasons that follow, the Court GRANTS Plaintiff's Motion for Summary Judgment.

**I.    FACTS & HISTORY**

The following facts are drawn from Plaintiff's and Defendants' statements of material

facts.[1]  Disputed factual issues will be addressed where necessary, and additional facts will be set forth as needed.

On June 24, 2009, Plaintiff and his friend Sibbia Wise were at one of Defendants' Red Lobster restaurants located in Lawrenceville, New Jersey.  Pl. Facts at ¶ 1.  On the same date and at the same Red Lobster, Stephen Harrison was employed by Defendants as a waitperson, and was responsible for bringing Plaintiff and Wise their food order.  Id. at ¶¶ 2, 5-6.  During the course of Plaintiff's lunch, Harrison was delivering a plate of food, containing a lobster pizza, to Plaintiff's table when the plate dropped from Harrison's hand onto the tabletop in front of Plaintiff.  Id.  The plate, made of glass, ceramic, or similar material, broke into several pieces.  Id.  Shortly thereafter, Plaintiff and Harrison discovered that something had lodged in Plaintiff's eyes.  Id. at ¶¶ 12, 15-16.  Harrison's manager was notified, Plaintiff was brought eyewash, and the police and paramedics were called to the restaurant to attend to Plaintiff.  Id. at ¶ 13.

Following this incident, Plaintiff has received medical treatment from Dr. Iftikhar M. Chaudhry for his eye injuries, including surgery to repair damaged corneas.  Id. at ¶¶ 3, 15-17.  In that connection, Dr. Chaudhry has opined that Plaintiff's eye injuries are the result of a "glass foreign body."  Id. at ¶ 19.

Plaintiff filed an Amended Complaint, in which he asserted that Defendants' negligence caused Plaintiff's injuries and sought an unspecified amount of damages.  Plaintiff then filed the instant motion for summary judgment on the issue of liability only.  Defendants opposed the

---

[1]     In moving for summary judgment, Plaintiff provided a Statement of Undisputed Material Facts pursuant to Local Rule 56.1.  These facts are drawn primarily from Plaintiff's and Defendants' interrogatory answers and certain deposition testimony.  Defendants submitted their own brief and Statement of Material Facts with their opposition papers, but these facts were not responsive to Plaintiff's facts.  Defendants apparently failed to notice that Plaintiff had submitted a Statement of Facts.  In the months since Plaintiff filed his motion, Defendants have not attempted to supplement their material facts in any way.

motion and Plaintiff filed his reply thereafter.

## II.   JURISDICTION

This matter is before the Court pursuant to the parties' diversity of citizenship.  See 28 U.S.C. § 1332.  Plaintiff is a resident of New Jersey, and Defendants are incorporated and have their principal place of business in Florida.  Although Plaintiff has requested an unspecified amount of damages, he asserts that the amount in controversy exceeds $75,000, which the Court determines to be supported by the nature of Plaintiffs' claims and alleged injuries.  Furthermore, the Court will apply New Jersey law to the substantive issues of this case, which the parties rely on as the governing law.

## III.   STANDARD OF REVIEW

Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-moving] party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).  For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law."  Kaucher, 455 F.3d at 423.  Disputes over irrelevant or unnecessary facts will not preclude a grant

of summary judgment.

## IV.   DISCUSSION

Under New Jersey law, "[i]n any case founded upon negligence, the proofs ultimately must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of the plaintiff's injuries."  Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139-40, 84 A.2d 281 (1951).  Both Plaintiff and Defendants agree that the outcome of this case turns on whether Defendant's employee, Harrison, was negligent in dropping the plate that broke in front of Plaintiff.

The facts of this case are largely undisputed and straightforward, and Defendants have provided only sparse opposition to Plaintiff's motion by focusing on whether Harrison negligently caused the plate to fall and break.  A more thorough recitation of the relevant facts is thus necessary to decide Plaintiff's motion.

Defendants have admitted that at one of their restaurants, their employee, Stephen Harrison, was carrying a plate of food to Plaintiff's table, and that plate slipped from Harrison's hand, fell to the table, and broke.  See Def. Facts at ¶¶ 3-4; Pl. Facts, Ex. D. at ¶ 8 (Defendants Interrogatory answers).  In that connection, Harrison testified during deposition as follows: "I was attempting to place . . . the lobster pizza [plate] on the table in the center of the table . . . and as I was going to place it in the center of the table, it slipped from my grasp and fell."[2]  See Pl.

---

[2]   Defendants challenge Plaintiffs' reliance on certain portions of Harrison's deposition testimony, primarily on the basis that such testimony would not be admissible at trial.  See Fed. R. Civ. P. 32.  In deciding this motion, the Court does not focus on any portions of the testimony that Defendants take issue with in their opposition.  Moreover, Defendants' argument in this regard is misplaced.

"[C]ourts and commentators have rejected the notion that . . . [Fed. R. Civ. P. 32] governs the use of deposition testimony at a hearing or a proceeding at which evidence in affidavit form is admissible. . . .  The reasoning behind this rejection is that deposition testimony taken under oath, even if failing to satisfy Rule 32(a)'s requirements, is 'at least as good as affidavits.'"

Facts, Ex. C at 19 (Harrison Depo.); see also id. at 21 (testifying that the plate "simply slipped from my grasp").  Harrison further testified that the plate dropped from approximately twelve inches above the tabletop and that when it hit it broke into several large pieces.  See id. at 20-21; see also Def. Facts at ¶¶ 3-4.  Approximately ten minutes following the incident, Harrison testified that he returned to Plaintiff's table and noticed that "there was some indication that something had become lodged in [Plaintiff's] eye."  Pl. Facts, Ex. C at 25.  After attempting to help Plaintiff himself, Harrison testified that he went to find the manager, and shortly thereafter observed the presence of police and paramedics at the restaurant.  Id. at 29-30; see also Pl. Facts, Ex. D at ¶ 15 (Def. Interrogatory answers) (referencing EMT presence)  Plaintiff also certified, in responding to Defendants' interrogatories, that managers supplied Plaintiff with eyewash after the plate broke because Plaintiff immediately sensed something in his eye.  See Pl. Facts, Ex. A at ¶¶ 13, 20, 23 (Pl. Interrogatory answers); see also Pl. Facts, Ex. D at ¶ 16 (Def. Interrogatory answers).  On these facts, the Court must determine what duty of care Defendants owed to Plaintiff, whether Defendants breached that duty, and whether Plaintiffs' injuries resulted from that breach.

---

Tormo v. Yormark, 398 F. Supp. 1159, 1168-69 (D.N.J. 1975) (citations omitted).  The Third Circuit has also condoned Tormo's reasoning: "Indeed depositions can be used more freely on [summary judgment] motions than [Rule 32] would seem to indicate.  A deposition is at least as good as an affidavit and should be usable whenever an affidavit would be permissible, even though the conditions of the rule on use of a deposition at trial are not satisfied. . . . [W]e find no support for [the] contention that Defendants should be precluded from relying on their own deposition testimony in support of their motion for summary judgment."  Palm Bay Imports, Inc. v. Miron, 55 F. App'x 52, 56-57 (3d Cir. 2003).

In that connection, I further note that Federal Rule of Civil Procedure 56(e) requires that affidavits "set out facts that would be admissible in evidence."  However, a court may consider hearsay evidence at the summary judgment stage "if the out-of-court declarant could later present that evidence through direct testimony, i.e., 'in a form that would be admissible at trial.'"  Williams v. Borough of W. Chester, 891 F.2d 458, 466 (3d Cir. 1989); see also Petruzzi's IGA Supermarkets, Inc. v. Darling–Del. Co., Inc., 998 F.2d 1224, 1235 n.9 (3d Cir. 1993) (holding that hearsay statement may be considered for summary judgment purposes because nonmoving party "simply has to produce the [declarant] to give . . . testimony").

Defendants concede that they owed a duty of care to Plaintiff. Indeed, "[i]t is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm. . . . [T]he law recognizes that for certain activities conducted by operation of some types of business, particularly those that pose inherent risks to the participant, the business entity will not be held liable for injuries sustained 'so long as [the business] has acted in accordance with 'the ordinary duty owed to business invitees, including exercise of care commensurate with the nature of the risk, foreseeability of injury, and fairness in the circumstances.'" Stelluti v. Casapenn Enterprises, LLC, 203 N.J. 286, 306-07, 1 A.3d 678, 691 (2010). Similarly, a business owner must "not create any condition which renders the premises dangerous." O'Shea v. K Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997). Thus, "the operator of a restaurant is under the duty of reasonable care of the premises for the safety of those who enter by his invitation." Hickman v. Dutch Treat Rest., 3 N.J. 460, 464, 70 A.2d 764, 766 (1950).

In the present case, it is axiomatic that a server in a restaurant has a duty not to drop a plate onto the table in front of patrons, particularly a breakable plate. Indeed, it is well established in the law of negligence that a restaurant breaches its duty of care to its patrons in any number of similar circumstances. See, e.g., Haneke v. Mayflower Doughnut Corp., 58 N.E.2d 69, 70 (Ohio Ct. App. 1944) ("It is our opinion that this defendant owed a duty to the plaintiff as its patron and guest, in the exercise of ordinary care, not to hand to or to place before the plaintiff a plate so hot that it might cause him injury."); Miller v. Holsum Cafeteria, 2 So. 2d 691, 692 (La. Ct. App. 1941) ("[T]he cafeteria owes to its patrons the duty of preventing, by every reasonable means, such accidents as the one which is made the subject of this suit, and we

6

find that it was negligence on the part of its servant to carry two trays over the head of and so near to Mrs. Miller as to cause the food on the tray, particularly the hot coffee to be precipitated upon her, by the slightest jar or jolt affecting his equilibrium and the stability of the tray. We have little difficulty in concluding that Mrs. Miller is entitled to recover."); Rickner v. Ritz Rest. Co. of Passaic, 181 A. 398, 399 (N.J. Sup. Ct. 1935) ("Food served at a restaurant imposes on the restaurateur the duty to use reasonable care to see that the food thus furnished shall be free from injurious substances and fit for human consumption. . . . And it has been held that the presence of glass in coleslaw, served a patron of a restaurant, raises a presumption of negligence in its preparation." (Citation omitted.)).

Plaintiff's principal argument is that, under the circumstances of this case, Plaintiff is entitled to an inference of negligence under the doctrine of res ipsa loquitur.[3]  Specifically, Plaintiff claims that (1) a plate falling onto a tabletop is the type of action that bespeaks negligence because the plate would not fall absent the failure to exercise due care; (2) the falling plate was in the exclusive control of Harrison, Defendants' employee, and thus Defendants; and (3) there is no evidence that Plaintiff's own actions or neglect contributed to the plate falling. See Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 269, 139 A.2d 404 (1958).

---

[3]  "Res ipsa loquitur . . . is a rule of law that has its origin in negligence and governs the availability and adequacy of evidence of negligence in special circumstances. . . . Res ipsa loquitur is not a theory of liability; rather, it is an evidentiary rule that governs the adequacy of evidence in some negligence cases.  Ordinarily, negligence is a fact which must be proved and which will never be presumed, . . . and the burden of proving negligence in any particular case is on the plaintiff. . . .  The doctrine of res ipsa loquitur, where applicable, is a method of circumstantially proving the existence of negligence. . . .  Specifically, the doctrine permits an inference of defendant's want of due care when the following three conditions have been met: (a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." Myrlak v. Port Auth. of New York & New Jersey, 157 N.J. 84, 95, 723 A.2d 45, 51 (1999) (citations omitted; internal quotation marks omitted).

In opposing Plaintiff's motion, Defendants argue that Harrison did not violate any standard of care by dropping the plate because it was merely accidental, and thus the doctrine of res ipsa loquitur is inapplicable to this case.[4]  Defendants' argument is circular and unavailing; the very crux of this case is whether Harrison's "accident" was the result of negligence.  In that connection, the Court notes that Defendants do not dispute that (1) the plate dropped from Harrison's grasp onto the tabletop, (2) Harrison was the only person exercising control over the plate at the time it fell, (3) Plaintiff did not cause the plate to drop, and (4) no one or nothing other than Harrison caused the plate to drop.  Thus, the only issue is whether a plate falling from a server's hand is an act that "bespeaks negligence."  See id.

"Whether an occurrence ordinarily bespeaks negligence is based on the probabilities in favor of negligence.  Hence, res ipsa is available if it is more probable than not that the defendant has been negligent."  Myrlak v. Port Auth. of New York & New Jersey, 157 N.J. 84, 95 (1999).  In other words, in order to demonstrate that the dropping of the plate bespeaks negligence, Plaintiff must demonstrate that "it is causally related to the actions or failure to act of any of the . . . [D]efendants."  Szalontai v. Yazbo's Sports Cafe, 183 N.J. 386, 401 (2005).  Here, the uncontroverted facts surrounding the dropping of the plate indicate a lack of due care on the part of Harrison and Defendants.  Harrison testified in deposition that the plate felt "a little slippery"

---

[4]  Defendants also argue that Plaintiff is not credible because of his criminal history.  Because I decide this case based primarily on evidence other than Plaintiff's own testimony and assertions, I am not concerned with the issue of Plaintiff's credibility.  Indeed, Defendants have presented no other evidence to meaningfully rebut Plaintiff's arguments.  As the Third Circuit has explained, "issues of credibility only defeat summary judgment '[w]here an issue of material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility' . . .  Thus, summary judgment is particularly appropriate where, notwithstanding issues of credibility, the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor.  In this situation, it may be said that the record as a whole points in one direction and the dispute is not 'genuine.'  Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 130 (3d Cir. 1998) (citations omitted).

and "a little greasy." Pl. Facts, Ex. C at 22 (Harrison Depo.). Moreover, Harrison also testified that he had only dropped objects less than ten times in his five years of experience as a server – and he had never dropped a plate on a table or ever seen another server drop something on a patron's table. See id. at 32. Simply put, Harrison's testimony demonstrates that it is significantly more probable than not that the plate fell from his hands due to some failure to exercise due care on his part or the part of the Defendants. Given these undisputed factual circumstances surrounding the incident, Defendants' conclusory assertion that Harrison's conduct was only an accident is insufficient to raise a genuine issue of whether Harrison properly exercised due care. See Kaucher v. County of Bucks, supra, 455 F.3d at 423 ("For an issue to be genuine, there must be a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."). To reiterate, Defendants have proffered no evidence that the plate fell from Harrison's hand for any reason other than Harrison and Defendants' failure to exercise due care. In contrast, Plaintiff has proffered unrebutted, competent evidence that the accident resulted solely from Harrison's conduct, and thus has "reduce[d] the likelihood of other causes so that the greater probability of fault lies at defendant's door." Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 545 (App. Div.), cert. denied, 145 N.J. 374 (1996). Accordingly, I conclude that Plaintiff is entitled to an inference of negligence under the doctrine of res ipsa loquitur, which Defendants have not rebutted, and thus I conclude that Harrison and Defendants breached the duty of care owed to Plaintiff when Harrison dropped the plate onto Plaintiff's table.[5] See Stelluti v. Casapenn Enterprises, LLC, supra, 203 N.J. at 306-307.

---

[5] Contrary to Defendants' argument, because the doctrine of res ipsa loquitur, where applicable, provides an inference of negligence, it is not necessary for Plaintiff to prove precisely how Harrison failed to exercise due care. The dropping of the plate demonstrates negligence because the negligence of that action "speaks for itself." See Myrlak v. Port Auth. of New York & New Jersey, supra, 157 N.J. 95.

Furthermore, I also conclude that Plaintiff has demonstrated the absence of a genuine dispute over whether the broken plate caused Plaintiff's injuries. Plaintiff alleged that fragments from the plate dropped by Harrison caused the damage to his eyes, and Plaintiff specifically certified that splinters from the broken plate entered his eye at the time the plate fell. See Pl. Facts, Ex. A at ¶ 2 (Pl. Interrogatory answers). As noted earlier, Harrison's deposition testimony also supports Plaintiff's argument; Harrison testified that shortly after the plate broke, he noticed that Plaintiff had something in his eye, Plaintiff was supplied eyewash, and paramedics were called to the restaurant for Plaintiff. Moreover, Plaintiff submitted documentation from his treating physician, Dr. Chaudhry, who stated that he could testify "with a reasonable amount of medical certainty . . . that [Plaintiff's eye damage] symptoms were directly related to his injury at Red Lobster . . . ." Pl. Facts, Ex. E1.[6] Significantly, Defendants have not offered any evidence to contradict this chain of events or challenge the nature of Plaintiff's injuries. Instead, Defendants argue parenthetically that Harrison testified that the plate broke into three or four pieces only without shattering or splintering. See Def. Facts at ¶ 3. Harrison actually testified that he could not recall whether the plate broke into only three or four pieces, or into more. See Pl. Facts, Ex. C. at 20-21. Harrison also testified that he cleared the table off very quickly "because of the possibility that there might have been something that got in their salad or something like that . . . ." Id. at 23-24. Moreover, the mere fact that the plate broke into several large pieces does not preclude the existence of smaller slivers or fragments. Again, Defendants have proffered no evidence to suggest that Plaintiff's eye injuries were the result of anything other than the broken plate, and thus Defendants' arguments fail to raise a genuine issue of

---

[6] Although this submission is not in the form of an affidavit or certification, Defendants have not submitted any evidence or argument contradicting Plaintiff's assertion that his eyes suffer from damage from a glass-like foreign object.

10

material fact surrounding the cause of Plaintiff's injuries.  Accordingly, I conclude that Plaintiff has demonstrated that there is an absence of genuine dispute to the claim that the broken plate caused Plaintiff's eye injuries.

This is not a difficult case.  Plaintiff has put forth ample uncontroverted evidence demonstrating that Plaintiff sustained injuries because of Harrison's breach of the duty of care, in light of the presumption of negligence afforded by the doctrine of res ipsa loquitur.  Defendants, by contrast, have offered virtually no evidence to rebut these facts.  Moreover, Defendants admit that they are Harrison's employer and owner of the restaurant in which the incident occurred, and Defendants have not disputed that Harrison was acting within the scope of his employment when the incident occurred.  Based on the foregoing, the Court concludes that Defendants are liable for Harrison's actions in this case and thus for the injuries Plaintiff sustained on Defendants' premises.  See Carter v. Reynolds, 175 N.J. 402, 408-409 (2003) ("Under respondeat superior, an employer can be held liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment.").

**CONCLUSION**

For the reasons set forth above, the Court concludes that Plaintiff has met his burden of demonstrating that no genuine issue of material fact exists that Defendants' negligence caused Plaintiff's injuries.  The Court therefore GRANTS Plaintiff's Motion for Summary Judgment as to Defendants' liability only.  The issue of Plaintiff's damages remains unresolved.

Dated:  January 7, 2013                                      /s/    Freda L. Wolfson
                                                              Freda L. Wolfson, U.S.D.J.