UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DARYL CLARK** | : | Civil Action No. 11-1056 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **OPINION** |
| | : | **AND ORDER** |
| | : | |
| GMRI, Inc. | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

This matter comes before the Court on a Motion by Defendant to bar the introduction of evidence at trial concerning three surgical procedures performed on Plaintiff. See Defendant's Trial Brief, filed September 30, 2013, docket entry no. 26-1 ("Deft. Tr. Br.").

Plaintiff has opposed Defendant's Motion. See Plaintiff's Trial Brief, filed October 9, 2013, docket entry no. 27-1 ("Pltf. Tr. Br.").

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 24, 2009, Plaintiff was a patron at a Red Lobster restaurant owned and operated by Defendant. A server at the restaurant dropped a plate onto the table where Plaintiff was seated. The plate shattered and one or more glass fragments went into Plaintiff's eyes.

Plaintiff's eyes were examined at the Emergency Room of Robert Wood Johnson University Hospital on the date of the incident. The examination revealed a scleral corneal abrasion but was otherwise normal. Subsequently, Plaintiff was examined by three different eye specialists none of whom found any evidence of any granuloma, caruncle or cataracts.

On April 30, 2010, Iftikhar M. Chaudhry, M.D. performed surgery and removed a granuloma from Plaintiff's left eye. On June 30, 2010, Dr. Chaudhry removed a cataract from

1

Plaintiff's left eye.  On July 29, 2010, Dr. Chaudhry removed a cataract from Plaintiff's right eye. Dr. Chaudhry has rendered a written report dated March 15, 2012 and his de bene esse deposition on was conducted on September 3, 2013.

Plaintiff filed his Complaint on February 25, 2011.  Defendant filed an Answer on July 12, 2011.  Discovery has been concluded.  On August 13, 2013, the parties filed consent to Magistrate Judge jurisdiction.  The trial of this matter is currently scheduled to commence on April 22, 2014.

**II.     DEFENDANT'S MOTION**

In short, Defendant maintains that evidence of the April 30, 2010 surgical excision of the granuloma from Plaintiff's left eye should be barred because it "was proved to be unrelated to the incident by a pathology report." Deft. Tr. Br. at page 4.  Likewise, Defendant maintains, evidence related to Plaintiff's two cataract surgeries should be barred because Plaintiff has not established a causal relationship to the incident.  For the reasons that follow, Defendant's Motion is **DENIED**.

    **A.     The April 30, 2010 Surgery**

In his report dated March 15, 2012, Dr. Chaudhry stated, Plaintiff "definitely had a foreign body granuloma on his left caruncle.…" On April 30, 2010 Dr. Chaudhry performed a surgical procedure during which he removed this granuloma "which was presumed to be glass." Pltf. Tr. Br., Exhibit A, page 2.

Dr. Chaudhry's de bene esse deposition was conducted on September 3, 2013.  With respect to this surgery, he testified, "[t]o my palpation when I took off the granuloma, it felt like a hard piece of glass inside." Pltf. Tr. Br., Exhibit B, page 14.

Defendant maintains that Dr. Chaudhry's opinion that the surgery he performed and the granuloma he removed on April 30, 2010 was related to the incident "is directly contradicted by the actual medical evidence", a post-surgical pathology report which contains no reference to glass or other foreign material.  Deft. Tr. Br. at page 5.  Therefore, Defendant concludes, "[t]he jury should not be offered evidence that has no medical basis." Id.

Plaintiff maintains that "Dr. Chaudhry testified to a reasonable degree of medical certainty that the granuloma was caused by the incident on June 24, 2009." Pltf. Tr. Br. at page 6.  The details of the pathologist's examination of the tissue are not presented, simply his conclusion that no glass was present.  At the same time, as Plaintiff notes, "[n]o one disputes that glass was imbedded in Mr. Clark's eye as a result of the incident." Id. at page 7.

Under the circumstances, Defendant's motion to bar evidence of the April 30, 2010 surgery is denied.  While certainly fodder for argument, the pathology report alone is insufficient to sustain Defendant's Motion.

      **B.**    **The Cataract Surgeries**

Dr. Chaudhry performed cataract surgery on Plaintiff's left eye on June 30, 2010 and on his right eye on July 29, 2011.  In his report dated March 15, 2012, Dr. Chaudhry states, "the cataracts were related to [Plaintiff's] initial injury and were possibly traumatic in nature.  I cannot verify this since I never saw the patient prior to the injury and I do not know if there is any pre-existing cataract formation." Pltf. Tr. Br., Exhibit A, page 2.

Defendant maintains that Plaintiff has no evidence to support his contention that the cataract surgeries were related to the incident.  To the contrary, Defendant argues, its expert, Dr. Stephen Ellis, testified, "there is virtually no chance that they were." Deft. Tr. Br., Exhibit C, page 19.  Nonetheless, Plaintiff notes, Dr. Ellis confirmed that none of the physicians who

examined Plaintiff after the incident observed the presence of cataracts.  Deft. Tr. Br., Exhibit C, page 33.  The absence of any cataracts in the three months immediately following the incident would appear to contradict the possibility of a preexisting condition and support the conclusion of Plaintiff's expert, that the cataracts were traumatic in nature.

Again, this is fertile ground for argument but insufficient grounds exist to preclude this aspect of Dr. Chaudhry's testimony.

### III. CONCLUSION

Having considered the papers submitted and the arguments of the Parties, for the reasons stated above, Defendant's Motion to bar introduction of evidence related to Plaintiff's eye surgeries is **DENIED**.

Defendant also moved to bar introduction of evidence related to the expenses associated with Plaintiff's eye surgeries.  Counsel have advised the Court that the Parties have reached an agreement on this issue.  Accordingly, this aspect of Defendant's Motion has been withdrawn.

s/ Douglas E. Arpert_____<br>
DOUGLAS E. ARPERT, U.S.M.J.

Dated: March 7th, 2014